UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW DAVID BAMFORTH,

            Plaintiff,

     v.

FACEBOOK, INC., et al.,

            Defendants.

Case No.  20-cv-09483-DMR

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. No. 53

In this trademark and copyright infringement case, Plaintiff Andrew Bamforth moves for relief from judgment under Federal Rule of Civil Procedure 60(b) ("Mot."). [Docket No. 49.] On September 10, 2021, the court granted Defendants Facebook Inc. and Mark Zuckerberg's ("Facebook") motion to dismiss Bamforth's First Amended Complaint ("FAC") with prejudice. [Docket No. 48.] Judgment for Facebook was entered the same day. [Docket No. 49.] On October 8, 2021, Bamforth filed the present motion as well as a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit. [Docket Nos. 52, 53.] Bamforth's motion is denied without prejudice.

Ordinarily, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982) (per curiam).  The purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Natural Res. Def. Council v. Sw. Marine, Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001).  "The principle of exclusive appellate jurisdiction is not, however, absolute." *Id.*  The district court is not divested of jurisdiction if a motion for reconsideration is pending at the time the notice of appeal is filed.  *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001).

United States District Court
Northern District of California

1    The notice does not become effective—and the district court does not lose jurisdiction—until the

2    district court rules on all pending Rule 60 motions filed no later than twenty-eight days after

3    judgment is entered.  Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i); *Miller v. Marriott Int'l, Inc.,* 300 F.3d

4    1061, 1063–64 (9th Cir. 2002).  As Bamforth filed his motion exactly twenty-eight days after

5    judgment was entered, the court retains jurisdiction over the motion.[1]

6           Under Rule 60(b), the court may relieve a party from a final judgment under narrow and

7    specific circumstances:

8           (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
     evidence that, with reasonable diligence, could not have been discovered in time to
9    move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or
     misconduct by an opposing party; (4) the judgment is void; (5) the judgment has
10   been satisfied, released or discharged; it is based on an earlier judgment that has
     been reversed or vacated; or applying it prospectively is no longer equitable; or (6)
11   any other reason that justifies relief.

12   Fed. R. Civ. P. 60(b).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to

13   the sound discretion of the district court."  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th

14   Cir. 2004).

15          The court denies Bamforth's motion.  Although Bamforth styles his motion as proceeding

16   under Rule 60(b), Mot. at 2, his brief fails to address any of the six narrow grounds for relief set

17   forward in the rule.[2]  His arguments that the court "misconstrued Plaintiff's allegations and

18   misapplied the liberal pleadings standards for pro se litigants" are a straightforward challenge to

19   the court's analysis in its order granting Facebook's motion to dismiss.  Such a challenge is not

20   appropriate under Rule 60 and is more appropriately addressed on appeal.

21          The court denies Bamforth's motion without prejudice.  If he wishes to file a new Rule

22   60(b) motion, he may do so within 30 days of this order (i.e., by November 24, 2021), but the

23

24   _____

     [1] The court determines that the procedure for motions for reconsideration under Civil Local Rule
25   7-9 is inapposite because it applies before entry of judgment.

26   [2] In passing, Bamforth references the Rule 60(b)(6) factor which provides for "any other reason
     that justifies relief."  Mot. at 2. "Rule 60(b)(6) is a grand reservoir of equitable power, and it
27   affords courts the discretion and power to vacate judgments whenever such action is appropriate to
     accomplish justice."  *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009).  Bamforth has not
28   provided any reason for the court to exercise its equitable power in this instance.

United States District Court
Northern District of California

motion must address the narrow grounds for relief from judgment set forth in Rule 60(b).

**IT IS SO ORDERED.**

Dated: October 26, 2021



_____

Donna M. Ryu

United States Magistrate Judge