1
2
3
4             UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDREW DAVID BAMFORTH,                    Case No.  20-cv-09483-DMR

8                     Plaintiff,

9           v.                                 ORDER DENYING MOTION FOR
                                               RECONSIDERATION
10   FACEBOOK, INC., et al.,
                                               Re: Dkt. No. 62, 67
11                   Defendants.

12          Plaintiff Andrew Bamforth, representing himself, filed this case in the San Mateo County

13   Superior Court alleging trademark and copyright infringement and various state law claims against

14   Defendants Facebook, Inc. and Mark Zuckerberg.  [Docket No. 1.]  Defendants removed the case

15   under federal question jurisdiction.  On September 10, 2021, the court granted Defendants' motion

16   to dismiss Plaintiff's First Amended Complaint ("FAC") with prejudice.  [Docket No. 48 ("MTD

17   Order").]  Judgment for Facebook was entered the same day.  [Docket No. 49.]  Plaintiff now

18   moves for reconsideration of the MTD Order.  [Docket Nos. 62 ("Mot."), 67 ("Reply").]

19   Defendants oppose Plaintiff's motion.  [Docket No. 66 ("Opp'n").]  This matter is suitable for

20   determination without a hearing.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, Plaintiff's

21   motion is denied.

22   **I.      BACKGROUND**

23          The MTD Order thoroughly lays out Plaintiff's allegations in the FAC.  *See* MTD Order at

24   1-4.  In short, Plaintiff alleges that he created the world's first social networking website,

25   Faceparty, in 2000, and operated it through CIS Internet Ltd. ("CIS"), an entity in which Plaintiff

26   was the sole owner, shareholder, and operator.  He claims that Facebook, launched in 2004, copied

27   some of Faceparty's unique features.  Plaintiff sent a cease and desist letter to Facebook, but

28   notwithstanding an oral agreement Zuckerberg allegedly made with him in 2006 that Facebook

United States District Court
Northern District of California

would not expand beyond colleges and the United States, Facebook grew into a worldwide enterprise open to the general public.  Meanwhile, Faceparty and Plaintiff suffered significant financial and personal setbacks, which Plaintiff attributed to brand confusion between his company and Facebook.  Plaintiff then endured significant mental health disabilities that he claims lasted from 2008 until 2018.

In 2008, Plaintiff contemplated suing Facebook for trademark infringement and breaching its agreement with him.  However, after speaking with an in-house Facebook attorney about the intended lawsuit, Plaintiff instead signed on behalf of CIS a pre-litigation settlement of $800,000 that released all of his claims against Defendants relating to their use of the Facebook trademarks and assigned the trademark to Defendants (the "2008 agreement").  Plaintiff now asserts that Defendants manipulated him into signing the 2008 agreement and that the agreement is void because he was mentally incapacitated at the time.  He claims that he only began to understand Defendants' conduct was unlawful once he recovered from his mental disability in October 2018.  He also asserts that CIS had no authority to sell its trademark rights because it had sold all of its trademarks to a different company, Anarchy Towers Ltd. ("Anarchy") in February 2008 (the "Anarchy Towers agreement").

Plaintiff filed this lawsuit in 2020 alleging promissory fraud; concealment; rescission of contract; intentional misrepresentation – fraud; fraud in contract formation; actionable deceit; trademark infringement; false designation of origin; trademark dilution; common law trademark infringement; promissory estoppel; negligent infliction of emotional distress; unfair business practices; intentional interference with prospective economic advantage; and unjust enrichment.  On February 4, 2021, Defendants moved to dismiss the FAC.  [Docket No. 17.]  Plaintiff filed an opposition ("MTD Opp'n") along with various declarations and letters purporting to provide more facts about his alleged disability, and Defendants replied [Docket No. 29, 36.][1]

---

[1] Shortly before the hearing on the motion to dismiss, Plaintiff filed an administrative motion for leave to file a sur-reply with additional evidence, which the court denied as moot because it could not consider any underlying evidence outside the FAC on a Rule 12(b)(6) motion to dismiss.  *See* MTD Order at 12-13.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  The court dismissed Plaintiff's FAC with prejudice.  *See* MTD Order at 20.  The court held

2  that all of Plaintiff's state law claims were time-barred under the applicable statutes of limitation,

3  and it rejected Plaintiff's argument that the claims were subject to statutory tolling under

4  California Civil Procedure Code section 352(a)[2] and equitable tolling.  *Id.* at 17.  The court also

5  held that Plaintiff's federal trademark claim under the Lanham Act was barred by the 2008

6  agreement; the court rejected Plaintiff's arguments that the release was invalid or otherwise should

7  not apply to his claims in this case.  *Id.* at 20.

8  After the clerk entered judgment, Plaintiff appealed the court's MTD order.  [Docket No.

9  52.]  The same day he noticed his appeal, Plaintiff timely filed a motion for reconsideration

10  pursuant to Federal Rule of Civil Procedure 60(b).  [Docket No. 53.]  The court denied his motion

11  without prejudice.  [Docket No. 61.]  The court first determined that it retained jurisdiction over

12  the motion because, while ordinarily the filing of a notice of appeal "divests the district court of its

13  control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc.*

14  *Co.*, 459 U.S. 56, 58 (1982) (per curiam), it nevertheless retained jurisdiction because of the

15  pending motion for reconsideration, *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102,

16  1109 (9th Cir. 2001).  *See also* Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i); *Miller v. Marriott Int'l,*

17  *Inc.,* 300 F.3d 1061, 1063-64 (9th Cir. 2002).  However, the court concluded that Plaintiff's

18  motion failed to address any of the six narrow grounds for relief set forward in Rule 60(b).  The

19  court allowed Plaintiff to file a renewed motion within thirty days but instructed that "the motion

20  must address the narrow grounds for relief from judgment set forth in Rule 60(b)."   Plaintiff

21  timely filed his renewed motion on November 24, 2021.[3]

22  **II.     LEGAL STANDARD**

23  Once judgment has been entered, reconsideration may be sought by filing a motion for

---

25  [2] California law provides that the statute of limitations for certain claims (which include all of
26  Plaintiff's state law claims) is tolled when a person "lack[s] the legal capacity to make decision."
   Cal. Civ. Proc. Code § 352(a).

27  [3] Plaintiff's motion and reply brief exceed the limits established by Civil Local Rule 3-4(c)(2),
   which restricts text in filings to no more than 28 lines per page.  The court admonishes Plaintiff for
28  this violation of the local rules.

1    relief from judgment under Federal Rule of Civil Procedure 60(b).  *See Hinton v. Pac. Enters.*, 5

2    F.3d 391, 395 (9th Cir. 1993).  Under Rule 60(b), the court may relieve a party from a final

3    judgment under narrow and specific circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud . . . misrepresentation, or misconduct by an opposing party; (4)
> the judgment is void; (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

9    Fed. R. Civ. P. 60(b).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to

10   the sound discretion of the district court."  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th

11   Cir. 2004).

12          Rule 60(b) "attempts to strike a proper balance between the conflicting principles that

13   litigation must be brought to an end and that justice should be done."  *Delay v. Gordon*, 475 F.3d

14   1039, 1044 (9th Cir. 2007) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay

15   Kane, *Federal Practice and Procedure* § 2851 (2d ed. 1995)).  The rule "provides for

16   extraordinary relief and may be invoked only upon a showing of exceptional circumstances."

17   *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting *Ben Sager Chem.

18   Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).  "A motion for reconsideration

19   may not be used to raise arguments or present evidence for the first time when they could

20   reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos

21   Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Nor does a failure to adequately plead

22   allegations or defenses constitute "gross negligence or exceptional circumstances so as to justify

23   the extraordinary relief available pursuant to Rule 60(b)."  *Allmerica Fin. Life Ins. & Annuity Co.

24   v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (quoting *Kagan v. Caterpillar Tractor Co.*, 795

25   F.2d 601, 609 (7th Cir. 1986)).  The motion also cannot be used to reargue issues addressed in a

26   district court's order without offering a basis to withdraw that order.  *See Am. Ironworks &

27   Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001); *United States v.

28   Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) ("Motions to reconsider are

United States District Court
Northern District of California

4

1    not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented.  Nor is

2    a motion to reconsider justified on the basis of new evidence which could have been discovered

3    prior to the court's ruling.  Finally, 'after thoughts' or 'shifting of ground' do not constitute an

4    appropriate basis for reconsideration.")

5         Plaintiff moves for reconsideration on the basis of mistake and newly discovered evidence

6    under Rule 60(b)(1) and (b)(2).  He also invokes Rule 60(b)(6)'s "catch-all" provision.[4]  "With

7    respect to 'mistake,' a Rule 60(b)(1) motion may seek relief from an excusable mistake on the part

8    of a party or counsel, or if the district court has made a substantive error of law or fact in its

9    judgment or order."  *Singh v. Life Ins. of Am.*, No. C 08-1353 SBA, 2010 WL 3515755, at *3

10   (N.D. Cal. Sept. 8, 2010) (quotations omitted).  "Neither ignorance nor carelessness on the part of

11   the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  *Engleson v. Burlington*

12   *N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting *Kagan*, 795 F.2d at 607).  "Rule 60(b)(1)

13   is not intended to remedy the effects of a litigation decision that a party later comes to regret

14   through subsequently-gained knowledge that corrects the erroneous legal advice of counsel.  For

15   purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate

16   actions of themselves and their chosen counsel."  *Latshaw v. Trainer Wortham & Co.*, 452 F.3d

17   1097, 1101 (9th Cir. 2006).

18        Relief under Rule 60(b)(2)'s provision on newly discovered evidence provision is

19   warranted if "(1) the moving party can show the evidence relied on in fact constitutes 'newly

20   discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due

21   diligence to discover this evidence; and (3) the newly discovered evidence must be of such

22   magnitude that production of it earlier would have been likely to change the disposition of the

23   case."  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quotations

24   omitted).  "Evidence "in the possession of the party before the judgment was rendered is not

25   newly discovered."  *Id.*

26   _____

27   [4] Plaintiff briefly alludes to Rule 60(b)(1) and (3)'s excusable neglect and fraudulent
     misrepresentation in his notice of motion, but his memorandum of points and authorities does not
28   argue that those standards apply here.

Rule 60(b)(6) is a "catch-all" provision that "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). "Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). However, Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1097 (citations omitted)). "A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw*, 452 F.3d at 1103). "[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance." *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id.* (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

## III.   DISCUSSION[5]

Plaintiff's motion raises a number of arguments, none of which satisfies the high bar for reconsideration of the court's MTD order.[6]  Instead, Plaintiff's motion tries to shoehorn his

---

[5] Defendants filed an administrative motion to seal portions of their opposition brief that quote from the 2008 agreement, which they characterize as containing highly sensitive information regarding Facebook's bargaining and intellectual property strategies that is covered by a contractual confidentiality agreement.  [Docket No. 67.]  Defendants filed a supporting declaration and proposed order that satisfies the requirements of Civil Local Rule 79-5(c)(2)-(3).  [Docket No. 67-1, -2.]  Plaintiff did not file an opposition to the administrative motion or address it in his reply. As the court previously granted Defendants' motion to seal the same materials, *see* Docket No. 50, it finds that sealing is justified here and grants Defendants' administrative motion.

[6] As a preliminary matter, Defendants challenge the court's jurisdiction over this motion because according to the docket in this case, Plaintiff filed his notice of appeal first and then his original motion for reconsideration.  *See* Opp'n at 8-9.  Accordingly, Plaintiff had no reconsideration motion pending at the time he noticed his appeal required for the court to retain jurisdiction.  *See United Nat. Ins. Co.*, 242 F.3d at 1109 ("The notice of appeal in this case did not, however, divest the district court of jurisdiction at the time it was filed because there was then a *pending* motion for reconsideration" (emphasis added)).  The ECF receipts for these two filings show that Plaintiff

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1    previous merits arguments into Rule 60(b)'s narrow provisions or supplies new legal and factual

2    arguments that he could have raised earlier, or that contradict his own allegations or assertions.

3    Plaintiff's attempt to re-litigate his case is inappropriate on a motion for reconsideration.  His

4    arguments are more appropriate for appeal.  Nevertheless, the court explains why Plaintiff does

5    not meet the standard for reconsideration.

6         First, Plaintiff asserts that he mistakenly failed to distinguish between complete incapacity

7    and delayed discovery. Mot. at 3.  A party's inconsistencies or errors in the pleadings are not

8    grounds for arguing mistake under Rule 60(b)(2).  *See Allmerica Fin.*, 139 F.3d at 666.  Plaintiff

9    made similar arguments in his MTD opposition, s*ee* MTD Opp'n at 7-8, 15, which the court

10   already considered and rejected, *see* MTD Order at 10-15.  Plaintiff is not permitted to re-argue his

11   case when he has not offered any justifiable excuse for his own litigation decisions.  *See Am.*

12   *Ironworks*, 248 F.3d at 899.

13        Next, Plaintiff argues that he mistakenly failed to clearly explain mental incapacity for the

14   purposes of statutory tolling under section 352(a), Mot. at 6, including how he was able to rely on

15   assistants to help him manage his business and property, *id.* at 10.  He does not pinpoint any errors

16   in his allegations but simply urges that he "mistakenly failed to focus on the ability to comprehend

17   a claim" and seeks leave to amend to "clarify the incapacity allegations."  *Id.* at 9.  The court

18   previously explained that the "[t]he standard for pleading continuous lack of capacity under

19   section 352(a) is high."  MTD Order at 11 (citing *Est. of Stern v. Tuscan Retreat, Inc.*, 725 F.

20   App'x 518, 522 (9th Cir. 2018); *Hsu v. Mt. Zion Hosp.*, 259 Cal. App. 2d 562, 575 (1968))).

21   Additionally, "Section 352(a) tolling does not apply if the person can manage affairs with the

22   assistance of others."  MTD Order at 14 (citing *Stern*, 725 F. App'x at 522-23; *Hsu*, 259 Cal. App.

23

24   ──────────────────

25   filed the notice of appeal on October 8, 2021 at 3:10 p.m. and the first motion for reconsideration
     on October 8, 2021 at 3:18 p.m.  Plaintiff represents that his assistant filed and served both

26   documents and that his assistant was not aware that the documents needed to be filed in a
     particular order.  Reply at 9.  Given that Plaintiff is self-represented and the fact that both

27   documents were electronically filed within ten minutes of each other, the court construes the
     jurisdictional requirements in the interests of justice and retains jurisdiction over this matter solely

28   for the purpose of deciding this motion.

2d at 576).  Applying these standards to the facts alleged, and considering Plaintiff's additional assertions in his briefing and at the hearing, the court ruled that "Plaintiff's allegations in the FAC relating to his mental capacity are conclusory and inadequate to plead tolling under section 352(a) and are directly contradicted by other allegations."  MTD Order at 15.  Plaintiff does not establish that the court mis-applied the law.  Rather, he cherry-picks allegations in the FAC that conflict with other allegations that suggest a more functional mental capacity, or he tries to identify new facts that support mental incapacity.  Mot. at 8, 10-11; *see, e.g.*, MTD Order at 14 ("Plaintiff's allegations and evidentiary submissions support that he was able to handle his business and property with the assistance of others" (citing the FAC and Plaintiff's declarations); Opp'n at 15 n.8 (pointing to allegations in the FAC that Plaintiff was able to manage his own affairs during the relevant time periods).  These attempts to re-argue his case are inappropriate for a motion for reconsideration.  The court already assumed that the allegations in Plaintiff's FAC were true for the purpose of deciding the motion to dismiss.  *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.").  Plaintiff cannot make new assertions that contradict the judicial admissions he made in the FAC.[7]

Next, Plaintiff asserts that he mistakenly omitted evidence he had from another doctor to fill in gaps about his allegations of mental incapacity.  Mot. at 11.  At the MTD stage, Plaintiff submitted a declaration from Dr. Gary Jackson, a psychiatrist who treated him from 2006 until 2019 to substantiate his contentions of experiencing continuous incapacity for the purposes of section 352(a) tolling.  *See* MTD Order at 12.  The court found that this letter was insufficient, vague, conclusory, and failed to cover the entire period of Plaintiff's alleged incapacity.[8]  *Id.*

---

[7] Plaintiff also offers a few heavily redacted emails sent to him in 2007 from a former lawyer to show that he was "incapable of transacting business and bringing his claim."  Mot. at 10; *see* Declaration of Andrew David Bamforth ("Bamforth Decl.") Ex. 5.  He does not explain how he "newly discovered" this old evidence, nor does he establish any extraordinary circumstances to consider this evidence that likely was available to him when he opposed the motion to dismiss.

[8] The letter was not appropriately before the court on a Rule 12(b)(6) motion to dismiss, as it was not pleaded in the complaint.  Plaintiff later attempted to revise it and re-submit it on sur-reply without the court's permission.  The court held that even if it were to consider these materials,

United States District Court
Northern District of California

1    Now, Plaintiff tries to offer testimony from a Dr. Karwan to "fill[]in the gaps to the Court's

2    satisfaction." Mot. at 11-12. At the outset, the court reiterates that facts that are not alleged or

3    alluded to in the FAC may not be considered on a motion to dismiss. *See* MTD Order at 11.

4    Moreover, Plaintiff's failure to include evidence that he had in his possession at the time is not a

5    basis to argue "mistake" under Rule 60(b)(1). Nor has Plaintiff shown that this evidence was

6    "newly discovered," as he indicates he knew it existed at the time he drafted the FAC. *See* Mot. at

7    11 ("Plaintiff mistakenly failed to set forth in his FAC and Opposition that he was living in a

8    different city . . . [and] was treated by Dr. Karwan of Cromwell Hospital. . . . Plaintiff apologizes

9    for not mentioning this."). Even if the court were to consider Dr. Karwan's medical records,

10   Plaintiff does not explain how this evidence would show that Plaintiff was continuously

11   incapacitated to justify reconsideration, especially where it would belie other allegations in the

12   FAC that contradict the existence of mental incapacity.

13        Plaintiff also argues that he mistakenly failed to explain his personal inability to timely file

14   his complaint to justify equitable tolling. Mot. at 13. He asserts that he was improperly deterred

15   by a British attorney from filing his lawsuit in 2018 but only after the motion hearing did he find

16   out that the lawyer represented Defendants. This argument also fails. Plaintiff does not explain

17   why, after discovering his claims in October 2018, he went to the lawyer "within weeks" but then

18   delayed fourteen months in filing his claim. Mot. at 15-16. Plaintiff does not show what

19   circumstances caused this two-year delay, or why he failed to make this argument in his

20   opposition brief when he clearly could have done so. Furthermore, the law is clear that erroneous

21   legal advice provided by counsel does not constitute extraordinarily circumstances justifying

22   reconsideration. *See Latshaw*, 452 F.3d at 1101.

23        Next, Plaintiff argues that the court incorrectly applied California law instead of British

24   law to evaluate the Anarchy Towers agreement. He argues that the agreement is lawful, while the

25   2008 agreement with Facebook is void. Mot. at 12-13. Similarly, he argues that the 2008

26   agreement was void for incapacity because he was suffering from mental illness at the time he

27   _____

28   they were not enough to support leave to amend. *See* MTD Order at 13.

1   signed it, and therefore the releases cannot be properly enforced against him.  *Id.* at 16.  He also

2   contends that he may still be able to assert as a defense that the agreement is void due to fraud and

3   incapacity.  *Id.* at 17-18.  These arguments all fail.  Nowhere in Plaintiff's opposition brief did he

4   argue that the Anarchy Towers agreement is governed by UK law or that the 2008 agreement is

5   void.  Plaintiff is not permitted to raise new arguments or defenses on a motion for reconsideration

6   that he could have asserted at the MTD stage.  *See Engleson*, 972 F.2d at 1043; *Allmerica Fin.*,

7   139 F.3d at 666.  His argument that the 2008 agreement is void is a repackaging of his failed

8   arguments that Defendants fraudulently induced him to sign the 2008 agreement.  The court

9   rejected those arguments as time-barred.  *See* MTD Order at 17; Opp'n at 19-20; *see also* FAC ¶¶

10  99-105 (claiming that in 2008, Facebook's lawyer knowingly misrepresented the consequences of

11  signing the 2008 agreement).

12       Plaintiff's other assertions that he is not bound by the 2008 agreement also fail for a

13  number of reasons.  First, he argues that he erroneously claimed in the FAC that he was a

14  successor to CIS's rights but that in fact, he was a successor to Anarchy Towers's rights.  Mot. at

15  18 (citing FAC ¶ 8).  Plaintiff does not explain why he did not allege in the FAC that he in fact

16  was a successor to Anarchy Towers and *not* CIS.  Nor does Plaintiff justify the clear contradiction

17  between this assertion and his unequivocal statements in the FAC and his MTD Opposition that

18  "Plaintiff was the sole owner, shareholder and operator of CIS Internet, Ltd., until it was dissolved

19  and Plaintiff is a successor in interest to all of its remaining assets."  FAC ¶ 8; MTD Opp'n at 2-3;

20  *see also* MTD Order at 18-19.  Plaintiff also inexplicably declares that "at the time of execution of

21  the 2008 Agreement, Plaintiff was not conducting the day-to-day operations of CIS," Mot. at 19,

22  which directly contradicts his allegations in the FAC that while he "temporarily handed over" the

23  "day-to-day running" of Faceparty in mid 2007, he resumed its administration in January 2008,

24  *see* FAC ¶¶ 76, 80.  As the court previously stated, "Plaintiff's attempts to both rely on and

25  disavow his relationship with CIS to make his various arguments render his claims implausible."

26  MTD Order at 18-19.  Again, Plaintiff may not raise new arguments or assertions that conflict

27  with his earlier judicial admissions, nor may he walk back his deliberate litigation decisions.

28       Relatedly, Plaintiff contests the court's determination in the MTD Order that he was the

United States District Court
Northern District of California

1   "director and sole shareholder of both CIS and Anarchy and signed the March 2008 agreement" as

2   "not supported by the FAC allegations." Mot. at 19; MTD Order at 19. The court based its

3   conclusion, with citations, on allegations in the FAC and documentary evidence provided by

4   Plaintiff in his opposition. *See* MTD Order at 19. For the reasons stated above, Plaintiff cannot

5   contradict his own evidence. Plaintiff does not point to any substantive mistake that the court

6   committed but simply disagrees with the outcome.

7       Plaintiff further argues that the release in the 2008 Agreement discharges only past

8   trademark infringement claims and does not release claims based on alleged infringement

9   occurring after the 2008 agreement was executed. Mot. at 20. The court will not consider new

10  arguments raised for the first time here, especially where they are explicitly contradicted by the

11  plain language of the agreement itself. *See* Docket No. 16-5 § 3.1 (2008 agreement in which the

12  parties expressly covenant not to sue "in the future" about use of the trademarks at issue). His

13  next assertion that the 2008 agreements covenant not to sue only binds CIS and not him likewise

14  fails by the plain language of the agreement that the agreement is binding on Plaintiff's successors

15  and assignees. *See* Mot. at 20; Docket No. 16-5 § 6.4. It is also conflicts with his factual

16  assertions that he was a successor to CIS's interests, despite his contention otherwise for the first

17  time here. *See* FAC ¶ 8. For a similar reason, his argument that he mistakenly failed to clearly

18  distinguish between himself, CIS and Faceparty in his FAC for the purposes of dating when he

19  became aware of the alleged brand confusion between Faceparty and Facebook also fails. He says

20  that "CIS and Faceparty were not run by Plaintiff" by 2008 and he "mistakenly stat[ed] in his FAC

21  that he was a 'successor' to CIS . . . when in fact he was a successor to Anarchy." Mot. at 22-23;

22  *see* MTD Order at 3 ("By June 2008, Plaintiff had been contemplating suing Defendants for

23  breaching the 2005 promises to not operate in the United Kingdom or outside of schools" (citing

24  FAC ¶ 90) (internal footnote omitted)). The statements are belied by factual assertions in his

25  FAC. Plaintiff may not seek reconsideration in order to change the facts in his own pleading.

26      Plaintiff next urges reconsideration because he mistakenly failed to allege declaratory

27  relief. He identifies no extraordinary circumstances that would permit him to reopen his case and

28  replead claims that were available to him before. He also asserts that he discovered new evidence

11

1    that Defendants failed to pay adequate consideration or taxes.  Mot. at 18.  Again, Plaintiff may

2    not seek reconsideration based on a failure to raise arguments earlier in the litigation.

3            Plaintiff seeks reconsideration under Rule 60(b)(6) because the MTD order failed to

4    address an argument that he raised in his opposition brief that Defendants should be equitably

5    estopped from arguing that statutes of limitations barred his state law claims.  Mot. at 16.  The

6    MTD order addressed Plaintiff's numerous arguments, including his related arguments on

7    equitable tolling, and gave him ample leeway given his self-represented status, including the

8    consideration of evidence that normally would fall outside the purview of a Rule 12(b)(6) motion.

9    Plaintiff fails to show that the equitable estoppel argument was central to the outcome of the

10   motion to dismiss.  Even if he had, his equitable estoppel argument lacks merit.  "In the statute of

11   limitations context, equitable estoppel may be appropriate where the defendant's act or omission

12   actually and reasonably induced the plaintiff to refrain from filing a timely suit.  The requisite act

13   or omission must involve a misrepresentation or nondisclosure of a material *fact* bearing on the

14   necessity of bringing a timely suit." *Doe v. Marten*, 49 Cal. App. 5th 1022, 1028 (2020), *review*

15   *denied* (Aug. 19, 2020) (internal citations omitted).  In his opposition brief, Plaintiff argued that in

16   2008, Facebook's in-house attorney made "numerous misrepresentations of fact to him regarding

17   his claims against Facebook," and that Plaintiff refrained from filing this action against

18   Defendants until 2020, after the statutes of limitations expired, based on his reliance on these

19   misrepresentations.  MTD Opp'n at 9-10; *see* FAC ¶¶ 94-100.  For example, the attorney "told

20   him that Facebook had not breached the 2004 promise and coerced Plaintiff into think it was

21   impossible for him to win a trademark infringement case against Facebook."  FAC ¶ 94.  Even

22   assuming these allegations are true, they do not explain why Plaintiff waited for two years—from

23   when he claimed his disability ended until he filed this lawsuit.  *See* MTD Order at 16; *Regus v.*

24   *Schartkoff*, 156 Cal. App. 2d 382, 386-87 (1957) (holding that defendants were estopped from

25   asserting that the statute of limitations had run during the time that the plaintiff relied on their

26   fraudulent misrepresentation of the limitations period, but not after the plaintiff discovered the

27   misrepresentation and continued to forbear from filing an action for an additional two years).

28   Accordingly, the equitable estoppel argument still fails and does not warrant reconsideration.

United States District Court
Northern District of California

1    Finally, Plaintiff argues that newly discovered evidence related to Defendants' recent

2    renaming and re-branding to "Meta" demonstrates that Defendants misled the court to believe that

3    Defendants would lose billions of dollars they invested in their trademark, all while they were

4    planning to change their name.  Mot. at 24.  Plaintiff suggests that Facebook's rebranding also

5    knowingly infringed on trademarks owned by an unrelated party, the Meta Company.  The court

6    does not understand the relevance of this assertion to Plaintiff's own trademark infringement

7    claims, nor does Plaintiff provide any new evidence around Facebook's re-branding that supports

8    his own claims.

9    In sum, Plaintiff's numerous arguments, while purportedly premised on Rule 60(b)'s

10   mistake, newly discovered evidence, and catch-all provisions, fail to establish any extraordinary

11   circumstances that warrant reconsideration of the court's order dismissing the FAC.[9]

12   **IV.    CONCLUSION**

13   For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  No further

14   motions for reconsideration will be entertained.

15

16

17   **IT IS SO ORDERED.**

18   Dated: June 6, 2022



19                                                        _____
                                                                Donna M. Ryu
20                                                         Judge Donna M. Ryu
                                                          United States Magistrate Judge

21

22

23

24

---

25   [9] After briefing on the reconsideration motion closed, Plaintiff filed a notice regarding his
26   submission under Civil Local Rule 7-13 that contained additional arguments for reconsideration, including regarding Plaintiff's medical history and differences between California and UK law.
27   [Docket No. 69 ("Notice").]  Defendants filed a response requesting the court to strike any additional argument in the Notice as impermissible.  [Docket No. 70.]  The court will not consider
28   Plaintiff's additional attempts to relitigate his case and strikes all portions of the Notice that contain argument.

United States District Court
Northern District of California